UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL LOPEZ and OLGA LOPEZ,<br><br>　　　　　　Defendants. | 1:11-cv-01100-LJO-JLT<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO PROCEED IN FORMA PAUPERIS<br><br>(Docs. 2, 3)<br><br>FINDINGS AND RECOMMENDATION TO REMAND THE MATTER TO KERN COUNTY SUPERIOR COURT<br><br>(Doc. 1) |

Daniel Lopez and Olga Lopez ("Defendants") seek to proceed *in forma pauperis* and *pro se* with an action removing an unlawful detainer action from Kern County Superior Court. Defendants filed a notice of removal on July 5, 2011 (Doc. 1), along with their individual motions to proceed *in forma pauperis*. (Docs. 2-3).

For the following reasons, Defendants motions to proceed *in forma pauperis* is **GRANTED**. However, the Court finds it lacks jurisdiction over this matter and recommends the matter be **REMANDED** to Kern County Superior Court.

I. **Proceeding *in forma paueris***

The Court may authorize the commencement of an action without prepayment of fees

1

when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed the applications and has determined Defendants satisfy the requirements of 28 U.S.C. § 1915(a). Therefore, Defendants's motions to proceed *in forma pauperis* are **GRANTED**.

**II.   Procedural History**

Plaintiff HSBC Bank USA, National Association, commenced this action by filing a complaint for unlawful detainer in Kern County Superior Court against Daniel Lopez and Olga Lopez on March 3, 2011, in case number S-1500-CL-257480. (Doc. 1, Exh. 1). On April 1, 2011, defendants filed a motion to quash their summons and sought an order dismissing the action. (Doc. 1, Exh. 2).

On July 5, 2011, Defendants filed a "Notice of Removal," thereby commencing the action in this Court. (Doc. 1). Defendant's notice for removal reads like a complaint for damages, because Defendants seek quiet title of the property located at 9210 East Wilson Road, Bakersfield, California, 93307. *Id.* at 2. Defendants assert the district court has jurisdiction over the quiet title action pursuant 28 U.S.C. §§ 1346, 2410 .

**III.   Removal Jurisdiction**

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See*

*Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). The Court may remand an action to state court for lack of subject matter jurisdiction or for defect in the removal procedure. 28 U.S.C. § 1447(c).

## IV.  Discussion and Analysis

In the context of removal, a district court must remand a case to state court if, at any time before final judgment, the court determines it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Moreover, the Court is required to consider issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998).

Defendants "bear[] the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996), *citing Gaus*, 980 F.2d at 677-67l; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The presumption against removal means that the defendant always has the burden of establishing that removal is proper."). However, the determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392). Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008), quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

The complaint filed in state court was an action for unlawful detainer. Importantly, an unlawful detainer action does not arise under federal law, but arises instead under state law. *Deutsche Bank Nat'l Trust Co v. Solih Jora*, 2010 U.S. Dist. LEXIS 105453, at *4 (E.D. Cal.

1  Oct. 1, 2010).  Second, to have diversity jurisdiction, the amount in controversy must exceed the
2  sum or value of $75,000.  28 U.S.C. § 1332(a).  However, review of the original complaint filed
3  against Defendants establishes Plaintiff HSBC Bank USA, National Association sought less than
4  $10,000 in the action.  (Doc. 1, Exh. 1).  The complaint clearly sets forth in the caption "Demand
5  up to $10,000.00."  *Id.*  Therefore, the Court lacks subject matter and diversity jurisdiction.

**V.  Order**

Defendants have shown they are unable to pay the Court costs as required by 28 U.S.C. § 1915(a).  Therefore, Defendants's motions to proceed *in forma pauperis* (Docs. 2-3) are **GRANTED**.

**VI.  Findings and Recommendations**

Based upon the foregoing, the Court finds it lacks subject matter and diversity jurisdiction over the matter.  Accordingly, the Court **HEREBY RECOMMENDS**:

    1.    The matter be **REMANDED** to the Kern County Superior Court; and

    2.    Because the order remanding this matter to state court concludes this case, the Clerk of the Court be directed to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with these findings and recommendations, Defendants may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Defendants are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 14, 2011**                               /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE